UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY CRAMPTON, DONALD
STILSON, NATHAN STILSON, AND
BRANDON STILSON,

      Plaintiffs,

v.

PLYMOUTH CHARTER TOWNSHIP,
MICHIGAN, a municipal entity, and
JEREMY SCHEMANSKE, in their individual
and official capacities, Jointly and Severally,

      Defendants.

CASE NO.:  2:24-CV-12715

HON.

---

## <u>COMPLAINT AND JURY DEMAND</u>

NOW COMES the Plaintiffs, Jeffrey Crampton, Donald Stilson, Nathan Stilson and Brandon Stilson, by and through their attorney Kevin J. Plagens and for their complaint against the Defendants states as follows:

1.  Plaintiff Jeffrey Crampton is a United States Citizen and a resident of the City of Plymouth, County of Wayne, State of Michigan.

2.  Plaintiff Donald Stilson is a United States Citizen and a resident of the City of Linden, County of Genesee, State of Michigan.

3.  Plaintiff Nathan Stilson is a United States Citizen and a resident of the City of Linden, County of Genesee, State of Michigan.

4.  Plaintiff Brandon Stilson is a United States Citizen and a resident of the City of Linden, County of Genesee, State of Michigan.

5.      All factual allegations and counts stated in this complaint, shall be treated as if individually plead by each Plaintiff, Jeff Crampton, Plaintiff Donald Stilson, Plaintiff Nathan Stilson, and Plaintiff Brandon Stilson in their own right.

6.      Plaintiff, Jeff Crampton, Plaintiff Donald Stilson, Plaintiff Nathan Stilson, and Plaintiff Brandon Stilson shall henceforth jointly be stated in this complaint as "Plaintiffs".

7.      The Defendant PLYMOUTH TOWNSHIP was organized and established in approximately 1827 under the constitution and laws of the State of Michigan.  DEFENDANT PLYMOUTH CHARTER TOWNSHIP (hereafter Defendant PLYMOUTH TOWNSHIP) is located in County of Wayne and at the time of the filing of this Complaint Kurt Heise is the Supervisor, and Jerry Vorva is the Clerk.

8.      DEFENDANT JEREMY SCHEMANSKE, (hereafter DEFENDANT SCHEMANSKE) is a resident of City of Plymouth, County of Wayne, State of Michigan, and is/was employed by the Defendant PLYMOUTH TOWNSHIP as a police officer and acted pursuant to color of state law when he responded to, investigated the events on November 10, 2023. Moreover, he acted pursuant to color of state law and/or in his individual capacity when he executed the criminal complaint against the Plaintiffs.

## JURISDICTION AND VENUE

9.      Venue is proper, and this Honorable Court has jurisdiction, as Plaintiffs bring this action pursuant to the Fourth and Fourteenth Amendment of the United States Constitution and 42 U.S.C.§ 1983.

10.    The Fourth Amendment of the United States Constitution states as follows:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

11.    The Fourteenth Amendment of the United States Constitution states as follows:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

12.    42 U.S.C. §1983: Civil action for deprivation of rights states in pertinent part as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

13.    Pursuant to 42 U.S.C. §1983 this Honorable Court has supplemental jurisdiction over Plaintiffs other claims pursuant to M.C.L. §600.2907, and common law.

14.    M.C.L. §600.2907 Malicious prosecution or action; civil liability, penalty, states as follows:

Every person who shall, for vexation and trouble or maliciously, cause or procure any other to be arrested, attached, or in any way proceeded against, by any process or civil or criminal action, or in any other manner prescribed

3

by law, to answer to the suit or prosecution of any person, without the consent of such person, or where there is no such person known, shall be liable to the person so arrested, attached or proceeded against, in treble the amount of the damages and expenses which, by any verdict, shall be found to have been sustained and incurred by him; and shall be liable to the person in whose name such arrest or proceeding was had in the sum of $200.00 damages, and shall be deemed guilty of a misdemeanor, punishable on conviction by imprisonment in the county jail for a term not exceeding 6 months.

### DEFENDANT PLYMOUTH TOWNSHIP WAS THE MOVING FORCE AND DEFENDANT SCHEMANSKE WAS ACTING UNDER COLOR OF STATE LAW BEHIND THE CONSTITUTIONAL VIOLATIONS AND MALICIOUS PROSECUTION OF THE PLAINTIFFS

15.     Plaintiffs hereby reallege and incorporate by reference facts and allegations stated in paragraphs 1-14 as though fully stated herein word for word paragraph for paragraph.

16.     Defendant PLYMOUTH TOWNSHIP is liable as it is/was the moving force behind the constitutional violations suffered by the Plaintiffs.

17.     In 1983 the Defendant PLYMOUTH TOWNSHIP initiated, enacted, PLYMOUTH TOWNSHIP Hunting Control Rules R317.182.1; R317.182.9; and R317.182.10 that made the Plaintiffs hunting on the private property legal.

18.     The Defendant PLYMOUTH TOWNSHIP did not rescind its PLYMOUTH TOWNSHIP Hunting Control Rules R317.182.1; R317.182.9; and R317.182.10.

19.     On November 10, 2023, the Plaintiffs were lawfully hunting on a section of private property within Plymouth Township pursuant to the Defendant PLYMOUTH TOWNSHIP Hunting Control Rules R317.182.1; R317.182.9; and R317.182.10.

20.     In 2019, Defendant PLYMOUTH TOWNSHIP enacted Ordinance 1016 §131.06: Hunting Prohibition.

21.     As ordinance regulates 1016 §131.06 "hunting" Defendant PLYMOUTH TOWNSHIP was required to seek approval of the State of Michigan and comply with MCL

324.4191, just as it did when it did with hunting control rules R317.182.1; R317.182.9; and R317.182.10.

22.    Defendant PLYMOUTH TOWNSHIP ordinance 1016 §131.06 is in direct conflict with Defendant PLYMOUTH TOWNSHIP hunting control rules R317.182.1; R317.182.9; and R317.182.10.

23.    Defendant PLYMOUTH TOWNSHIP hired, trained, supervised the Defendant PLYMOUTH TOWNSHIP police department including Defendant SCHEMANSKE.

24.    On November 10, 2023, without the consent or request by the owner of the property, the Defendant PLYMOUTH TOWNSHIP dispatched its police force and ordered Defendant SCHEMANSKE and numerous other Plymouth Township police officers onto 128 acres of private property located within Plymouth Township boundaries.

25.    On November 10, 2023, the Plymouth Township police officer Defendant SCHEMANSKE and numerous other Defendant PLYMOUTH TOWNSHIP police officers entered private property and with automatic weapons drawn and by a show of force detained and seized the Plaintiffs for duck hunting.

26.    On November 10, 2023, the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE and other Plymouth Township police officers at the scene were made aware that Plymouth Township hunting control rules R317.182.1; R317.182.9; and R317.182.10 made the Plaintiffs hunting lawful.

27.    On November 10, 2023, while at the scene State of Michigan DNR conservation Officers Kevin Luther and Martin Lawrence advised Defendant PLYMOUTH TOWNSHIP through its agents and Defendant SCHEMANSKE that the Plaintiffs were lawfully hunting on said

property pursuant to Plymouth Township hunting control rules R317.182.1; R317.182.9; and R317.182.10.

28.     Prior to November 10, 2023, Defendant PLYMOUTH TOWNSHIP hired the law firm of hired, law firm of Bennett & Demopoulos PLLC, attorneys Kevin L. Bennett and Gregory Demopoulos to represent Plymouth Township in legal matters.

29.     Between November 10, 2023, and November 16, 2023, the Defendant PLYMOUTH TOWNSHIP and/or Defendant SCHEMANSKE did nothing to investigate or reconcile the direct conflict between Defendant PLYMOUTH TOWNSHIP ordinance 1016 §131.06 Defendant PLYMOUTH TOWNSHIP hunting control rules R317.182.1; R317.182.9; and R317.182.10.

30.     On November 16, 2023, the Defendant PLYMOUTH TOWNSHIP, was the moving force, and Defendant SCHEMANSKE, acting either under color of state law and/or in his individual capacity, filed criminal charges against the Plaintiffs alleging they violated PLYMOUTH TOWNSHIP ordinance 1016 §131.06.

31.     On November 16, 2023, the Defendant SCHEMANSKE, acting under color of law on behalf of Defendant PLYMOUTH TOWNSHIP and/or in his individual capacity was the complaining witness on the Criminal Complaint for charges filed against the Plaintiffs in the State of Michigan 35th Judicial District Court.  as its basis for probable cause against the Plaintiffs.

32.     On November 16, 2023, the Defendant PLYMOUTH TOWNSHIP, and   the Defendant SCHEMANSKE through its/his/their agent/prosecuting attorney Kevin L. Bennett, presented false, misleading, information and unconstitutional/invalid ordinance to Honorable Michael J. Gerou of the State of Michigan 35th Judicial District Court as its basis for probable cause against the Plaintiffs.

**DEFENDANT PLYMOUTH TOWNSHIP'S ORDINANCE 1016 §131.06: HUNTING PROHIBITION ENACTED IN 2019 IS INVALID AND UNENFORCEABLE AS IT IS UNCONSTITUTIONAL, CONTRADICTS PREEXISTING PLYMOUTH TOWNSHIP HUNTING RULES,  AND LACKS LEGAL AUTHORITY**

33.     Plaintiffs hereby reallege and incorporate by reference facts and allegations stated in paragraphs 1-32 as though fully stated herein word for word paragraph for paragraph.

34.     The State of Michigan has the sole authority to regulate hunting and the taking of game, pursuant to the State of Michigan Natural Resources and Environmental Protection Act.

35.     The Natural Resources and Environmental Protection Act - "NREPA" (451 of 1994, as amended) states as follows:

> AN ACT to protect the environment and natural resources of the state; to codify, revise, consolidate, and classify laws relating to the environment and natural resources of the state; to regulate the discharge of certain substances into the environment; to regulate the use of certain lands, waters, and other natural resources of the state; **to protect the people's right to hunt and fish; to prescribe the powers and duties of certain state and local agencies and officials**; to provide for certain charges, fees, assessments, and donations; to provide certain appropriations; to prescribe penalties and provide remedies; and to repeal acts and parts of acts. (emphasis added)

36.     Under Michigan law, cities, townships, and municipalities, such as Defendant PLYMOUTH TOWNSHIP, are allowed to petition the State of Michigan Department of Natural Resources to enact rules that regulate hunting within their respective border.

37.     The procedure for city, township, municipality, including Defendant PLYMOUTH TOWNSHIP, to follow in obtaining the hunting regulation is set forth in NREPA - MCL 324.41901.

38.     MCL 324.4901 states in pertinent part as follows:

> Regulation and prohibitions in certain areas; powers of department; area closures; hearings, investigations, studies, and statement of facts; regulations.
>
>  (1) . . . .Whenever the governing body of any political subdivision determines that the safety and well-being of persons or property are endangered by hunters or discharge of firearms or bow and arrows, by resolution it may

request the department to recommend closure of the area as may be required to relieve the problem. Upon receipt of a certified resolution, the department shall establish a date for a public hearing in the political subdivision, and the requesting political authority shall arrange for suitable quarters for the hearing. The department shall receive testimony on the nature of the problems resulting from hunting activities and firearms use from all interested parties on the type, extent, and nature of the closure, regulations, or controls desired locally to remedy these problems.

(2) Upon completion of the public hearing, the department shall cause such investigations and studies to be made of the area as it considers appropriate and shall then make a statement of the facts of the situation as found at the hearing and as a result of its investigations. The department shall then prescribe regulations as are necessary to alleviate or correct the problems found.

39.    In 1983 and pursuant to MCL 324.41901, Defendant PLMOUTH TOWNSHIP presented a request to the State of Michigan Department of Natural Resources to enact hunting control rules within its borders.

40.    Addressing the Defendant PLMOUTH TOWNSHIP's issues the State of Michigan Department of Natural Resources then prescribed three (3) hunting control rules identified as Plymouth Township R317.182.1; Plymouth Township R317.182.9; and Plymouth Township R317.182.10.

41.    PLYMOUTH TOWNSHIP -R317182.1 – Hunting prohibited in certain area states as follows:

1.   Hunting with, or the discharge of, a firearm is unlawful in that part of Plymouth Township east of a line described as follows:

Beginning at a point where Ann Arbor road enters Plymouth township in section 31; thence northeasterly on Ann Arbor road to Ridge road; thence north on Ridge road to the corner common to sections 19, 20, 29, and 30, T1S, R8E; thence west on the south section line of section 19, T1S, R8E, to the north-south centerline of section 19, T1S, R8E; thence northerly on the north-south centerline to the east-west centerline of section 19, T1S, R8E; thence east on the east-west centerline of section 19, T1S, R8E, to Ridge road; thence south on Ridge road to the north edge of the M-14 expressway; thence east on the M-14 expressway to

8

Beck road; thence north on Beck road to the north line of Plymouth township.

History: Eff. August 9, 1983

42.    PLYMOUTH TOWNSHIP -R317182.9 – Hunting restricted in certain area states as follows:

9.  Hunting with, or the discharge of, a firearm, except a shotgun loaded with shot not larger than no. 6 is unlawful west of the line described as follows:

Beginning at a point where Ann Arbor road enters Plymouth township in section 31; thence northeasterly on Ann Arbor road to Ridge road; thence north on Ridge road to the corner common to sections 19, 20, 29, and 30, T1S; thence west on the south section line of section 19, T1S, R8E, to the north-south centerline of section 19, T1S, R8E; thence northerly on the north-south centerline to the east-west centerline of section 19, T1S, R8E; thence east on the east-west centerline of section 19, T1S, R8E, to Ridge road; thence south on Ridge road to the north edge of the M-14 expressway; thence east on the M-14 expressway to Beck road; thence north on Beck road to the north line of Plymouth township.

History: Eff. August 9, 1983

43.    PLYMOUTH TOWNSHIP -R317182.10 – Hunting prohibited during certain portion of the year states as follows:

10. Hunting with, or the discharge of, a firearm, is unlawful in Plymouth Township during the period March 1 to October 19 each year, except at target ranges recognized and approved by the township board.

History: Eff. August 9, 1983

44.    The Index Map of Plymouth Township is as follows:



45. Plymouth Township hunting control rules R317182.1 and R317182.9, clearly establish that hunting is lawful on land located in the northwest corner of Plymouth Township (Section 19), subject to restrictions such as allowable dates, type of firearm, and size of shot.

46. Once promulgated and approved by the State of Michigan Department of Natural Resources the Defendant PLYMOUTH TOWNSHIP's Hunting Control Rules R317.182.1; R317.182.9; and R317.182.10 were/and continue to be posted.
https://www.michigan.gov/dnr/managing-resources/laws/controls/localcontrols/wayne/hunting.

47. Because Defendant PLYMOUTH TOWNSHIP's rules R317.182.1; R317.182.9; and R317.182.10 were promulgated in 1983, the Defendant PLYMOUTH TOWNSHIP was required to comply with Michigan law NREPA MCL 324.41902(3) if it wanted to rescind said rules. The statute states in pertinent part as follows:

> All rules promulgated under this section and section 41901 before March 17, 1986, remain in effect **unless rescinded** pursuant to the administrative procedures act of 1969…

48.     As required pursuant to MCL 324.41902, the Defendant PLYMOUTH TOWNSHIP has never rescinded its Hunting Control Rules R317.182.1; R317.182.9; and/or R317.182.10.

49.     On January 22, 2019, Plymouth Township will assert that it passed Ordinance 1016 §131.06 Hunting Prohibition.  The ordinance states, as follows:

> **<u>Hunting</u>** with or the discharge of a firearm is unlawful in the township except on the property owned by the Western Wayne Conservation Club and maintained as a target range. (emphasis added)
> (Ord. 1016, Amendment 22, passed 1-22-2019)

50.     Defendant PLYMOUTH TOWNSHIP did not enact hunting control Ordinance 1016 §131.06 as required pursuant to MCL 324.41901.

51.     Defendant PLYMOUTH TOWNSHIP did not send the 2019 hunting control Ordinance 1016 §131.06 to the State of Michigan and/or Department of Natural Resources.

52.     Defendant PLYMOUTH TOWNSHIP did send any requests to the State of Michigan requesting that it remove or replace Hunting Control Rules R317.182.1; R317.182.9; and/or R317.182.10 from its site.

53.     Lt. Thomas R. Wanless, is employed by the State of Michigan Department of Natural Resources in its Recreational Safety Education and Enforcement Section of the Law Enforcement Division.

54.     Lt. Wanless has held this position since approximately 2016.

55.     Lt. Wanless oversees the administration and investigation into the need for local regulations for hunting, boating, and recreational vehicles.

56.     Lt. Wanless maintains records of local hunting restrictions that were submitted to the DNR pursuant to Part 419, Hunting Area Control, of the Michigan Department of Natural Resources and Environmental Protection Act MCL 324.41901 et seq (Part 419).

57.     Lt. Wanless can access records through the DNR's database to review Defendant PLYMOUTH TOWNSHIP'S records submitted to the DNR.

58.     According to Lt. Wanless, there are no documents with the State of Michigan whereby the Defendant PLYMOUTH TOWNSHIP requested the State of Michigan to rescinded Plymouth Township Hunting Control Rules R317.182.1; R317.182.9; and/or R317.182.10.

59.     According to Lt. Wanless, there are no documents with the State of Michigan whereby the Defendant PLYMOUTH TOWNSHIP promulgated Ordinance 1016 §131.06 pursuant to MCL 324.41901.

60.     According to Lt. Wanless, there are no documents with the State of Michigan whereby the Defendant PLYMOUTH TOWNSHIP served upon the State of Michigan a certified copy of Ordinance 1016 §131.06.

61.     The Defendant Plymouth Township Ordinance 1016 §131.06, is invalid and unenforceable as it attempts to regulate "hunting" in violation of State law MCL 324.41901. As such, the ordinance is unconstitutional, contradicts preexisting Defendant PLYMOUTH TOWNSHIP hunting rules, and lacks legal authority to form the basis for probable cause for the criminal charges filed against the Plaintiffs.

**FACTS REGARDING PLAINTIFFS DUCK HUNTING ON 128 ACRES OF PRIVATE PROPERTY LOCATED IN SECTION 19 PAGE 1 OF PLYMOUTH TOWNSHIP INDEX MAP ON NOVEMBER 10, 2023**

62.     Plaintiffs hereby reallege and incorporate by reference facts and allegations stated in paragraphs 1-61 as though fully stated herein word for word paragraph for paragraph.

63.     John Carlo is a private citizen/businessperson who owns and/or has authority for the use of 128-acre parcel of real property located in Plymouth Township (identified on the below Plymouth Township Index Map as Section 19 page 1).



64.     On or about October 9, 2023, the Plaintiffs discussed duck hunting with State of Michigan DNR Conservation Officer Kevin Luther on the 128 acres of private land located in the northwest quadrant of Plymouth Township (Section 19 page 1).

65.     Officer Luther reviewed Defendant Plymouth Township hunting control rules R317.182.1; R317.182.9; and R317.182.10, and confirmed the rules were valid, and had not been rescinded by Plymouth Township.

66.     On or about October 9, 2023, Officer Luther advised the Plaintiffs that they could lawfully hunt duck on said property as-long-as the Plaintiffs complied with Plymouth Township hunting control rules R317.182.1; R317.182.9; and R317.182.10.

67.     On November 10, 2023, the Plaintiffs were lawfully duck hunting on said private property located in Section 19 page 1 of Plymouth Township index map.

68.     It is uncontested that the Plaintiffs were in compliance with all State of Michigan DNR hunting rules and Plymouth Township hunting control rules R317.182.1; R317.182.9; and R317.182.10.

69.     On November 10, 2023, the Defendant PLYMOUTH TOWNSHIP dispatched Defendant SCHEMANSKE and a significant number of on-duty, uniformed and ununiformed Plymouth Township police officers (approximately 10) who were acting under color of law and exercising his/her/their official authority granted pursuant to Defendant PLYMOUTH TOWNSHIP, when he/she/they to investigate the Plaintiffs duck hunting with shotguns on said private property.

70.     On November 10, 2023, pursuant to Defendant PLYMOUTH TOWNSHIP'S directive Defendant SCMEMANSKE and a significant number of uniformed and ununiformed Plymouth Township police officers were acting under color of law, and exercising his/her/their official authority granted pursuant to Defendant PLYMOUTH TOWNSHIP,  when he/she/they entered said private property in Plymouth Township in marked and unmarked police vehicles, identified himself/herself/themselves to the Plaintiffs through a blowhorn as Plymouth Township police officers, drew automatic weapons, rifle, and handguns, ordered the Plaintiffs to stop hunting, put down their shotguns, put their hands up, and walk out of the field towards them.

71.     Immediately, upon exiting the field, the Plaintiffs advised Defendant SCHEMANSKE and other uniformed and ununiformed Plymouth Township police officers that they were advised by DNR Conservation Officer Luther that they could lawfully duck hunt on said property.

72.     Immediately upon exiting the field the Plaintiffs provided Defendant SCHEMANSKE and other uniformed and ununiformed Plymouth Township police officers with a printed copy of Plymouth Township Hunting Control Rules R317.182.1; R317.182.9; and R317.182.10.

73.     Immediately upon exiting the field the Plaintiffs provided Defendant SCHEMANSKE and other uniformed and ununiformed Plymouth Township police officers with the following:

        a.      Officer Luther's cell phone number.

        b.      A copy of the Plymouth Township Hunting Control Rules R317.182.1, R317.182.9 and R317.182.10.

        c.      Affidavit from the private property owner allowing the Plaintiffs to be in the property and hunt duck.

74.     On November 10, 2023, while Defendant PLYMOUTH TOWNSHIP police officer and Defendant SCHEMANSKE were at the scene, State of Michigan Conservation Officer Martin Lawrence, was dispatched and arrived at the scene wearing his DNR uniform and operating a marked State of Michigan Department of Natural Resources issued vehicle.

75.     On November 10, 2023, while at the scene Officer Martin Lawrence advised Defendant SCHEMANSKE and the other uniformed and ununiformed Plymouth Township police officers that the Plaintiffs were legally hunting on said property pursuant to Plymouth Township hunting control rules (R317.182.1; R317.182.9; and R317.182.10).

76.     On November 10, 2023, Officer Martin Lawrence also called Officer Kevin Luther who spoke with Plymouth Township officers at the scene.

77.     Officer Luther advised Defendant SCHEMANSKE and the other uniformed and ununiformed Plymouth Township police officers the Plaintiffs could legally hunt duck on said property as long as they complied with Plymouth Township hunting control rules (R317.182.1; R317.182.9; and R317.182.10).

78.     On November 10, 2023, Defendant SCHEMANSKE and a significant number of other uniformed and ununiformed Defendant PLYMOUTH TOWNSHIP police officers did thereby detained/seized the Plaintiffs by preventing them from voluntarily leaving the property while he/she/they investigated this matter.

79.     The Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE, and other Plymouth Township Police officers restrained the Plaintiffs freedom to walk away.  As such, the Defendants actions qualify as a seizing of the Plaintiffs within the meaning of the Fourth Amendment.

80.     Defendant SCHEMANSKE, and other Plymouth Township Police officers at the scene advised CO Luther that Plymouth Township had a prohibited hunting ordinance (Ord. 1016, §131.06 Amendment 22, passed 1/22/2019), that they believed the Plaintiffs were violating.

81.     Defendant SCHEMANSKE, and other Plymouth Township Police officers at the scene were clearly unaware, lacked training and education by Defendant PLYMOUTH TOWNSHIP, that it was the Defendant PLYMOUTH TOWNSHIP  who enacted the hunting control rules R317.182.1; R317.182.9; and R317.182.10 and that were in apparently causing confusion with the Defendant SCHEMANSKE and the other Plymouth Township officers as the rules were in conflict with 2019 Plymouth Township Ord. 1016, §131.06.

82.     On November 10, 2023, after detaining/seizing the Plaintiffs for a substantial period the police officers for Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE allowed the Plaintiffs to leave the scene.

83.     Following the incident, but before criminal charges were filed against the Plaintiffs, the Defendant PLYMOUTH TOWNSHIP, Defendant SCHEMANSKE, and the townships attorney, Kevin Bennett,  intentionally failed to investigate, review and reconcile Plymouth Township the 1983 hunting control rules R317.182.1; R317.182.9; and R317.182.10, its 2019 Hunting ordinance Ord. 1016, §131.06 in order to reconcile the discrepancy between the rules and the ordinance.

84.     Following the incident, but before criminal charges were filed against the Plaintiffs, the Defendant PLYMOUTH TOWNSHIP, Defendant SCHEMANSKE, and the townships attorney, Kevin Bennett, intentionally failed to investigate, review and ascertain that Plymouth Township Ordinance 1016, §131.06 was invalid and unenforceable as it attempts to regulate "hunting" in violation of State law MCL 324.41901. As such, the ordinance is unconstitutional, contradicts preexisting Defendant PLYMOUTH TOWNSHIP hunting rules, and lacks legal authority to form the basis for probable cause for the criminal charges filed against the Plaintiffs.

85.     Following the incident, but before criminal charges were filed against the Plaintiffs, the Defendant PLYMOUTH TOWNSHIP, Defendant SCHEMANSKE, and  the townships attorney, Kevin Bennett,  intentionally failed to investigate, review, and speak with State of Michigan DNR conservation officers Kevin Luther,  Martin Lawrence, Lt. Thomas R. Wanless, State of Michigan assistant attorney generals Daniel Bock, Esq, and Echo Aloe, who handle legal issues with the Department of Natural, in order to determine the validity of Defendant PLYMOUTH TOWNSHIP hunting control rules and  hunting ordinance.

86.     Following the incident, but before criminal charges were filed against the Plaintiffs, the Defendant PLYMOUTH TOWNSHIP, Defendant SCHEMANSKE, and the townships attorney, Kevin Bennett, intentionally failed to investigate, and review Defendant PLYMOUTH TOWNSHIP documents to determine that it did not follow State of Michigan law MCL 324.41902(3) and properly repeal its hunting control rules R317.182.1; R317.182.9; and R317.182.10.

87.     Following the incident, but before criminal charges were filed against the Plaintiffs, the Defendant PLYMOUTH TOWNSHIP, Defendant SCHEMANSKE, and the townships attorney, Kevin Bennett, committed misfeasance, by intentionally, willfully, and maliciously failing to investigate this matter prior to filing criminal charges against the Plaintiffs.

88.     Following the incident, but before criminal charges were filed against the Plaintiffs, the Defendant PLYMOUTH TOWNSHIP, Defendant SCHEMANSKE, and the townships attorney, Kevin Bennett, committed misfeasance, by intentionally, willfully, and maliciously failing to recognize that the Plaintiffs did not violate any ordinance because they prior to November 10, 2023, they reasonably relied upon opinion of State of Michigan DNR government official/ conservation officer Kevin Luther that hunting duck was lawful on said property.

89.     On November 16, 2023, five days after the incident, the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE presented a summons and criminal complaint against the Plaintiffs to Honorable Michael J. Gerou of the State of Michigan 36th Judicial District Court.

90.     The criminal complaints against the Plaintiffs mirror each other.   Defendant SCHEMANSKE'S statement in the complaint is as follows:

The filing charges against Plaintiffs Jeffrey Glenn Crampton, Nathan Donald Stilson, Brandon Edward Stilson and Donald David Stilson, state

that on November 10, 2023, the [Plaintiffs] did hunt or discharge a firearm in the township on property other than property owned by the Western Wayne Conservation Club and maintained as a target range in violation of ord. 1016, Sec. 131.06 of the Code of Ordinances of the Charter Township of Plymouth.

Maximum penalty 90 days/$500.00.

91.    As Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE basis in support of probable cause and the issuance of the criminal summons against the Plaintiffs, the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE committed misfeasance by intentionally, willfully, and maliciously, failing to present relevant facts and evidence to Judge Gerou,  about the existence of Plymouth Township hunting control rules R317.182.1; R317.182.9; and R317.182.10.

92.    As Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE basis in support of probable cause and the issuance of the criminal summons against the Plaintiffs, the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE committed misfeasance by intentionally, willfully, and maliciously, failing to present relevant facts and evidence to Judge Gerou,  about statements by State of Michigan Conservation Officers Kevin Luther and Martin Lawrence that the Plaintiffs were lawfully hunting on the private property pursuant to Plymouth Township hunting control rules R317.182.1; R317.182.9; and R317.182.10.

93.    As Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE basis in support of probable cause and the issuance of the criminal summons against the Plaintiffs, the Defendant SCHEMANSKE, and the Defendant PLYMOUTH TOWNSHIP, committed misfeasance by  intentionally, willfully, and maliciously, failing to present relevant facts and evidence to Judge Gerou, that Plymouth Township hunting control rules R317.182.1; R317.182.9; and R317.182.10 were in direct conflict with 2019 Plymouth Township Ord. 1016, §131.06.

94.     Defendant  SCHEMANSKE  and  Defendant  PLYMOUTH  TOWNSHIP intentionally omitted law and facts to Judge Michael Gerou that would have eviscerated any basis of probable cause.

95.     Based upon the misleading, incomplete information and evidence presented by the Defendant PLYMOUTH TOWNSHIP and Defendant SCMEMANSKE to Judge Gerou, the judge executed the summons and criminal complaint against the Plaintiffs for violating Plymouth Township Ord. 1016, §131.06.

96.     The Plaintiffs were summoned to appear in State of Michigan 35th Judicial District Court on Monday January 29, 2024, at 8:45 AM to answer to the charge.  The notice to each Plaintiff states that failure to appear, may cause a warrant to be issued for his arrest.

97.     As a result of the criminal charges being filed against them the Plaintiffs retained an attorney to represent and defend them for the baseless criminal charges.

98.     In an attempt to have the Defendants dismiss the criminal complaint against the Plaintiffs early on, Plaintiffs' counsel presented evidence of the conflicting ordinance and hunting control rules, and subpoenaed Officer Kevin Luther who appeared in court on numerous occasions and discussed this matter with Defendant PLYMOUTH TOWNSHIP attorneys Demopolous and Bennett.

99.     From November 2023 to June of 2024, over a 7-month period-of-time, the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE, proceeded with the criminal charges against the Plaintiffs, the Defendants continued to threaten the Plaintiffs with jail time and fines if the Plaintiffs did not plead guilty to the criminal charges.

100.    From November 2023 to June of 2024, over a 7-month period-of-time the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE, required the Plaintiffs to

appear in court before Judge Gerou on numerous occasions to answer for the criminal charges filed against them.

101.    From November 2023 to June of 2024, over a 7-month period-of-time State of Michigan Department of Natural Resources Conservation Officers Kevin Luther and Martin Lawrence appeared in court, with official State of Michigan government credentials, wearing State of Michigan official Department of Natural Resource attire,  on at least 4 separate occasions and advise Defendant PLYMOUTH TOWNSHIP its agent and prosecuting attorney Kevin Bennett that prior to November 10, 2023, the Plaintiffs were advised by Officer Luther that hunting was lawful on said property pursuant to Plymouth Township hunting control rules R317.182.1; R317.182.9; and R317.182.10.

102.    After the criminal charges were filed against the Plaintiffs, Defendant PLYMOUTH TOWNSHIP, Defendant SCHEMANSKE, Defendant PLYMOUTH TOWNSHIP agent and prosecuting attorney Kevin Bennett, were presented with the affidavit of Lt. Tom Wanless that stated Plymouth Township Hunting control rules R317.182.1; R317.182.9; and R317.182.10.

103.    After the criminal charges were filed against the Plaintiffs, Defendant PLYMOUTH TOWNSHIP, Defendant SCHEMANSKE, and Defendant PLYMOUTH TOWNSHIP agent and prosecuting attorney Kevin Bennett, were presented with the affidavit of Lt. Tom Wanless that stated Plymouth Township Ordinance 1016, Sec. 131.06 was not properly presented to the State of Michigan as required pursuant to MCL 324.41901.

104.    Defendant PLYMOUTH TOWNSHIP, Defendant SCHEMANSKE, and Defendant PLYMOUTH TOWNSHIP agent and prosecuting attorney Kevin Bennett knew the Plaintiffs reasonably relied upon the statement by official State of Michigan government agent, Officer Luther, that on November 10, 2023, the Plaintiffs could lawfully hunt duck on said private property

21

as long as they complied with Plymouth Township hunting control rules R317.182.1; R317.182.9; and R317.182.10.

105.    Defendant PLYMOUTH TOWNSHIP, Defendant SCHEMANSKE, and Defendant PLYMOUTH TOWNSHIP agent and prosecuting attorney Kevin Bennett knew the Plaintiffs were lawfully abiding citizens with no criminal violations or violations of State DNR hunting laws or rules.

106.    On June 3, 2024, Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE voluntarily dismissed its criminal charges against the Plaintiffs based upon testimony from State of Michigan Conservation Officer Kevin Luther that he advised the Plaintiffs prior to November 10, 2023, that hunting duck was lawful on said property pursuant to Defendant PLYMOUTH TOWNSHIP hunting control rules R317.182.1; R317.182.9; and R317.182.10.

107.    On June 3, 2024, after voluntarily dismissing its criminal charges against the Plaintiffs the Defendant PLYMOUTH TOWNSHIP warned the Plaintiffs that they could not lawfully duck hunt on their private property and if they did the Plaintiffs would be in violation of Plymouth Township Ord. 1016, §131.06 and face criminal charges.

108.    Defendant PLYMOUTH TOWNSHIP has not taken any steps to repeal PLYMOUTH TOWNSHIP hunting control rules R317.182.1; R317.182.9; and R317.182.10.

109.    The uncontested facts above clearly demonstrate that the Defendant PLYMOUTH TOWNSHIP was the moving force and Defendant SCHEMANSKE was acting under color of law in this matter.

110.    The uncontested facts above clearly demonstrate that the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE did not act reasonably in filing criminal charges and prosecuting the Plaintiffs in this matter.

111.    The uncontested facts above clearly demonstrate that the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE, by a show of authority, unlawfully seized and restrained the Plaintiffs freedom in violation of the Plaintiffs Fourth Amendment rights.

112.    It is uncontested that the Defendant PLYMOUTH TOWNSHIP has a policy and/or custom to inflict injury as it continues to post and enforce its hunting ordinance 1016 Sec. 131.06, and it has not rescinded its contradictory hunting control rules R317.182.1; R317.182.9; and R317.182.10.

113.    According to the uncontested facts set forth above the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE, did not have probable cause against the Plaintiffs to file criminal charges and prosecute them as the Plymouth Hunting ordinance was unconstitutional and invalid.

114.    According to the uncontested facts the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE filed frivolous criminal claims against the Plaintiffs and it/his/their primary purposed was to harass, embarrass, and/or bully the Plaintiffs into paying fines, costs, and fees.

115.    According to the uncontested facts the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE did not have any no reasonable basis to believe that the facts underlying that Defendants position that the Plaintiffs violated any criminal law were in fact true.

116.    According to the uncontested facts the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE legal claim was devoid of arguable legal merit.

117.    The Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE, dismissal of the criminal charges against the Plaintiffs on June 3, 2024, by nolle prosequi is a sufficient disposition and supports the Plaintiffs claim for malicious prosecution.

118.    According to the uncontested facts set forth above the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE, maliciously prosecuted the Plaintiffs in violation of the Plaintiffs Fourth Amendment rights.

119.    According to the uncontested facts set forth above the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE, maliciously prosecuted the Plaintiffs in violation of State of Michigan law MCL 600.2907.

120.    According to the uncontested facts set forth above the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE, violated the Plaintiffs Fourteenth Amendment rights, by maliciously, arbitrarily, and capriciously depriving Plaintiffs of their life, liberty, and property without due process of law.

121.    Plaintiffs' damages in this matter exceed One Hundred and Thirty-Four Thousand Nine Hundred Ninety-Six Dollars and Forty-Four cents ($134,996.44). Moreover, Plaintiffs damages continue to increase as this matter proceeds. The Plaintiffs additionally request treble damages pursuant to M.C.L. §600.2907, and an award of reasonable attorney fee as part of costs pursuant to 42 U.S.C. § 1988.

## COUNT I

## GROSS NEGLIGENCE OF THE DEFENDANT PLYMOUTH TOWNSHIP

122.    Plaintiffs hereby reallege and incorporate by reference facts and allegations stated in paragraphs 1-121 as though fully stated word for word paragraph for paragraph in support of their claim of gross negligence against the Defendant PLYMOUTH TOWNSHIP.

123.    Defendant PLYMOUTH TOWNSHIP owed Plaintiffs a duty of care, including but not limited to:

a.      Duty to have knowledge of and/or be familiar with State of Michigan laws, Plymouth Township Hunting Control Rules, and ordinances of Plymouth Township.

b.      Duty to properly hire, train, supervise, etc. law enforcement personnel including, police officers, and attorneys.

c.      Duty to investigate facts and obtain information from witnesses prior to filing criminal charges.

d.      Duty to follow and abide by the United States Constitution including the 4th, and 14th Amendments.

e.      Duty not to file a criminal charges against the Plaintiffs were the Defendant PLYMOUTH TOWNSHIP police officers including DEFENDNAT SCHEMANSKE had first-hand knowledge of evidence by a credible law enforcement officer, (CO Luther) that the Plaintiffs were advised that their actions were lawful.

f.      Duty not to arbitrarily and capriciously file criminal charges against the Plaintiffs where the facts and law are known, or could have been known, to the Defendant that that the Plaintiffs were acting lawfully.

g.      Duty to not maliciously prosecute the Plaintiffs where the facts and law are known, or could have been known, to the Defendant that the Plaintiffs did not violate any law, ordinance, rule, or code.

h.      Duty to not file criminal charges against the Plaintiffs were the Defendant PLYMOUTH TOWNSHIP police officers and Defendant SCHEMANSKE has first-hand knowledge of credible evidence does not support probable cause for the charge.

      i.     Duty to not file and proceed with unjustified criminal charges against the Plaintiffs in bad faith, and or in an attempt to coerce them into pleading guilty, spending up to 90 days in jail, and paying fines and costs, for a criminal offense that they were not guilty of committing.

      j.     Duty to hire a prosecuting attorney who knows the laws of the State of Michigan.

124.    The actions of the Defendant PLYMOUTH TOWNSHIP were intentional, recklessly, grossly negligence, and disregarded the Plaintiffs rights and liberties.

125.    Prior to the charges being filed the Defendant PLYMOUTH TOWNSHIP knew that the State of Michigan DNR CO Luther informed the Plaintiffs that they could lawfully hunt ducks on the private property at issue.

126.    Prior to the charges being filed the Defendant PLYMOUTH TOWNSHIP knew that Plymouth Township Hunting Control Rules 317.182.1, 317.182.9 and 317.182.10 were valid and that it had not rescinded said rules pursuant to Michigan law MCL 324.41902(3).

127.    Prior to charges being filed the Defendant PLYMOUTH TOWNSHIP knew that it did not present Plymouth Township Ordinance 131.06 to the State of Michigan Department of Natural Resources as required pursuant MCL 324.41901.

128.    Prior to criminal charges being filed against the Plaintiffs the Defendant PLYMOUTH TOWNSHIP failed to investigate its hunting control rules and the contradictory ordinance in order to reconcile them.

129.    Prior to criminal charges being filed against the Plaintiffs the Defendant PLYMOUTH TOWNSHIP failed to inform Judge Gerou about all of the facts, rules, laws in this

matter that would have eviscerated any reasonable belief and or basis of probable cause that the Plaintiffs committed a criminal act.

130.    Prior to criminal charges being filed the Defendant PLYMOUTH TOWNSHIP, it knew the Plaintiffs did not violate any law/ordinance as the Plaintiffs reasonable relied upon the opinion of State of Michigan DNR CO Luther that hunting was lawful on the property located within Plymouth Township pursuant to Plymouth Township Hunting Control Rules 317.182.1, 317.182.9 and 317.182.10.

131.    The Defendant PLYMOUTH TOWNSHIP is/was grossly negligent in filing and prosecuting the Plaintiffs criminally.

132.    The Defendant PLYMOUTH TOWNSHIP's actions were an abuse of the legal process, egregious, in bad faith, conscience-shocking and deprived the Plaintiffs of their constitutional rights.

133.    As a direct and proximate cause of the Defendant PLYMOUTH TOWNSHIP gross negligence the Plaintiffs 4th and 14th Amendment rights have been violated and they have sustained injuries and damages.

134.    Pursuant to MCL 691.1407, citizens may maintain an action in tort against government employees whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the employee is acting within the scope of his or her authority.

135.    As a direct and proximate result of the Defendant PLYMOUTH TOWNSHIP'S actions, the Plaintiffs have suffered damages including but not limited to economic and non-economic losses, including but not limited to One Hundred and Thirty-Four Thousand Nine Hundred Ninety-Six Dollars and Forty-Four cents ($134,996.44).

WHEREFORE the Plaintiffs individually, and collectively request this Honorable Court enter and Order granting him/them relief as requested in the prayer for relief below.

## COUNT II

## GROSS NEGLIGENCE OF THE DEFENDANT PLYMOUTH TOWNSHIP AND /OR DEFENDANT JEREMY SCHEMANSKE

136.    Plaintiffs hereby reallege and incorporate by reference facts and allegations stated in paragraphs 1-135 as though fully stated word for word paragraph for paragraph in support of their claim of gross negligence against the Defendant SCHEMANSKE.

137.    Defendant SCHEMANSKE owed Plaintiffs a duty of care, including but not limited to:

a.    Duty to have knowledge of and/or be familiar with State of Michigan laws, Plymouth Township Hunting Control Rules, and ordinances of Plymouth Township.

b.    Duty to properly hire, train, supervise, etc. law enforcement personnel including, police officers, and attorneys.

c.    Duty to investigate facts and obtain information from witnesses prior to filing criminal charges.

d.    Duty to follow and abide by the United States Constitution including the 4th, and 14th Amendments.

e.    Duty not to file criminal charges against the Plaintiffs were the Defendant SCHEMANSKE had first-hand knowledge of evidence by a credible law enforcement officer, (CO Luther) that the Plaintiffs were advised that their actions were lawful.

f.    Duty not to arbitrarily and capriciously file criminal charges against the Plaintiffs where the facts and law are known, or could have been known, to the Defendant that that the Plaintiffs were acting lawfully.

28

g.     Duty to not maliciously prosecute the Plaintiffs where the facts and law are known, or could have been known, to the Defendant that the Plaintiffs did not violate any law, ordinance, rule, or code.

h.     Duty not to file criminal charges against the Plaintiffs were the Defendant SCHEMANSKE had first-hand knowledge of credible evidence that did not support probable cause for the charge.

i.     Duty to not file and proceed with unjustified criminal charges against the Plaintiffs in bad faith, and or in an attempt to coerce them into pleading guilty, spending up to 90 days in jail, and paying fines and costs, for a criminal offense that they were not guilty of committing.

138.   The actions of the Defendant SCHEMANSKE were intentional, recklessly, grossly negligence, and disregarded the Plaintiffs rights and liberties.

139.   Prior to the charges being filed the Defendant SCHEMANSKE knew that the State of Michigan DNR CO Luther informed the Plaintiffs that they could lawfully hunt ducks on the private property at issue.

140.   Prior to the charges being filed the Defendant SCHEMANSKE knew about Plymouth Township Hunting Control Rules 317.182.1, 317.182.9 and 317.182.10 were valid and that it had not rescinded said rules pursuant to Michigan law MCL 324.41902(3).

141.   Prior to charges being filed the Defendant SCHEMANSKE knew that Defendant PLYMOUTH TOWNSHIP did not present Plymouth Township Ordinance §131.06 to the State of Michigan Department of Natural Resources as required pursuant MCL 324.41901.

142.    Prior to criminal charges being filed against the Plaintiffs the Defendant SCHEMANSKE failed to investigate Defendant PLYMOUTH TOWNSHIP hunting control rules and the contradictory ordinance in order to reconcile them.

143.    Prior to criminal charges being filed against the Plaintiffs the Defendant SCHEMANSKE failed to inform Judge Gerou about all of the facts, rules, laws in this matter that would have eviscerated any reasonable belief and or basis of probable cause that the Plaintiffs committed a criminal act.

144.    Prior to criminal charges being filed the Defendant SCHEMANSKE, he knew the Plaintiffs had a valid explanation to any alleged charge as the Plaintiffs reasonable relied upon the opinion of State of Michigan DNR CO Luther that hunting was lawful on the property located within Plymouth Township pursuant to Plymouth Township Hunting Control Rules 317.182.1, 317.182.9 and 317.182.10.

145.    The Defendant SCHEMANSKE is/was grossly negligent in filing and prosecuting the Plaintiffs criminally.

146.    The Defendant SCHEMANSKE's actions were an abuse of the legal process, egregious, in bad faith, conscience-shocking and deprived the Plaintiffs of their constitutional rights.

147.    As a direct and proximate cause of the Defendant SCHEMANSKE gross negligence the Plaintiffs 4th and 14th Amendment rights have been violated and they have sustained injuries and damages.

148.    Pursuant to MCL 691.1407, citizens may maintain an action in tort against government employees whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the employee is acting within the scope of his or her authority.

149. As a direct and proximate result of the Defendant SCHEMANSKE actions, the Plaintiffs have suffered damages including but not limited to economic and non-economic losses, including but not limited to One Hundred and Thirty-Four Thousand Nine Hundred Ninety-Six Dollars and Forty-Four cents ($134,996.44).

WHEREFORE the Plaintiffs individually, and collectively request this Honorable Court enter and Order granting him/them relief as requested in the prayer for relief below.

## COUNT III

### MALICIOUS PROSECUTION BY THE DEFENDANT PLYMOUTH TOWNSHIP AGAINST THE PLAINTIFFS PURSUANT TO 42 U. S. C. §1983 - VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

150. Plaintiffs hereby reallege and incorporate by reference facts and allegations stated in paragraphs 1-149 as though fully stated word for word paragraph for paragraph in support of their claim against the Defendants.

151. Plaintiffs file this claim for malicious prosecution under the Fourth Amendment pursuant to §1983.

152. The Defendant PLYMOUTH TOWNSHIP under color of state law lacked probable cause to file and proceed with the criminal charges against the Plaintiffs.

153. The Defendant PLYMOUTH TOWNSHIP knowingly enacted two regulations that contradicted one another that being Defendant PLYMOUTH TOWNSHIP hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983 and the 2019 hunting Plymouth Township Ordinance §131.06.

154. The Defendant PLYMOUTH TOWNSHIP did not rescind Defendant PLYMOUTH TOWNSHIP hunting control rules of 1983 in accordance with MCL 324.41902(3).

155. Defendant PLYMOUTH TOWNSHIP did not properly enact its 2019 hunting

ordinance §131.06 as required pursuant to MCL 324.41901.

156.    In support of probable cause, the Defendant PLYMOUTH TOWNSHIP only advised Judge Gerou that the Plaintiffs violated Plymouth Township ordinance §131.06.

157.    The Defendant PLYMOUTH TOWNSHIP failed to advise Judge Gerou that Plaintiffs duck hunting on said property was lawful pursuant to Plymouth Township hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983.

158.    The Defendant PLYMOUTH TOWNSHIP failed to advise Judge Gerou State of Michigan DNR Officer Luther advised the Plaintiffs that duck hunting was lawful as long as they complied with Plymouth Township hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983.

159.    The Defendant PLYMOUTH TOWNSHIP failed to advise Judge Gerou State, that on November 10, 2023, and while Plaintiffs and Defendants were at the scene, Michigan DNR Officer Luther advised the Defendant PLYMOUTH TOWNSHIP police officers and Defendant SCHEMANSKE that the Plaintiffs duck hunting was lawful as long as they complied with Plymouth Township hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983.

160.    The Defendant PLYMOUTH TOWNSHIP's willful and intentional omission all of the pertinent facts and laws in this matter when it presented the criminal warrant to Judge Gerou is tantamount to falsifying evidence and manufacturing its basis for probable cause.

161.    Based upon the evidence in this matter the Defendant PLYMOUTH TOWNSHIP intentionally falsified evidence and did not have probable cause to proceed with its criminal charges against the Plaintiffs.

162.    The Plaintiffs had to hire an attorney to fight and defend themselves from the baseless criminal charges filed against them by the Defendant PLYMOUTH TOWNSHIP.

163.    From November 16, 2023, to June 3, 2024, the Defendant PLYMOUTH TOWNSHIP vigorously proceeded with the criminal charges against the Plaintiffs making them appear in court on numerous occasions, threatening them with fines, court costs and jail time.

164.    From November 16, 2023, to June 3, 2024, the Plaintiffs were required to appear in court for numerous hearings and spend money for criminal defense attorney to defend the baseless charges filed Defendant PLYMOUTH TOWNSHIP.

165.    The Defendant PLYMOUTH TOWNSHIP pressed with criminal charges against the Plaintiffs in an attempt to intimidate and bully Plaintiffs and continued to press for them to plead guilty to the offense, pay fines and costs to the Defendant PLYMOUTH TOWNSHIP.

166.    The Defendant PLYMOUTH TOWNSHIP pressed with criminal charges against the Plaintiffs in an apparent attempt intimidate and/or bully John Carlo, the owner of the land where the Plaintiffs were hunting because the Defendant PLYMOUTH TOWNSHIP has an ongoing dispute with Mr. Carlo.

167.    On June 3, 2024, the Defendant PLYMOUTH TOWNSHIP voluntarily dropped all criminal charges against the Plaintiffs based upon information provided by Officer Kevin Luther to Defendant PLYMOUTH TOWNSHIP attorney Kevin Bennett.

168.    The evidence that formed the basis for Defendant PLYMOUTH TOWNSHIP dismissal of the criminal charges against the Plaintiffs on June 3, 2023, is the same evidence the Defendant PLYMOUTH TOWNSHIP had in its possession on November 10, 2023, prior to the charges being filed.

169.    According to the uncontested facts the Defendant PLYMOUTH TOWNSHIP did not have probable cause and maliciously prosecuted baseless criminal claims against the Plaintiffs thereby violating the Plaintiffs Fourth Amendment rights secured by the U. S. Constitution and the

laws of the United States, and upon 42 U.S.C. §1988.

170.     As a direct and proximate result of the Defendant PLYMOUTH TOWNSHIP'S actions, the Plaintiffs have suffered damages including but not limited to economic and non-economic losses, including but not limited to One Hundred and Thirty-Four Thousand Nine Hundred Ninety-Six Dollars and Forty-Four cents ($134,996.44).

WHEREFORE the Plaintiffs individually, and collectively request this Honorable Court enter and Order granting him/them relief as requested in the prayer for relief below.

## COUNT IV

### MALICIOUS PROSECUTION BY THE DEFENDANT  SHEMANSKE AGAINST THE PLAINTIFFS PURSUANT TO 42 U. S. C. §1983 - VIOLATION OF THE FOURTH  AMENDMENT OF THE UNITED STATES CONSTITUTION

171.     Plaintiffs hereby reallege and incorporate by reference facts and allegations stated in paragraphs 1-170 as though fully stated word for word paragraph for paragraph in support of their claim against the Defendants.

172.     Plaintiffs file this claim for malicious prosecution under the Fourth Amendment pursuant to §1983.

173.     The Defendant SHEMANSKE was employed by the Defendant PLYMOUTH TOWNSHIP, as a police officer, and at all pertinent times was acting under color of state law, when on November 10, 2023, he proceeded onto private property, investigated this matter, intentionally falsified and misrepresenting probable cause contained in the criminal complaint against the Plaintiffs.

174.     On November 10, 2023, the Defendant SHEMANSKE was employed by, on duty and dispatched and ordered by the Defendant PLYMOUTH TOWNSHIP and ordered to proceed

onto approximately 120 acres of private, undeveloped property located within Plymouth Township.

175.    The landowner John Carlo did not call, request, permit or authorize the Defendant SCHEMANSKE, or any police officers from the Defendant PLYMOUTH TOWNSHIP to enter onto his property at issue on November 10, 2023.

176.    The Defendant SCHEMANSKE entered onto said property in Plymouth Township wearing his Plymouth Township police uniform and operating a marked Plymouth Township police vehicle.

177.    Once on the property the Defendant SCHEMANSKE identified himself as a police officer, brandished his Plymouth Township issued automatic weapon to the Plaintiffs, and by a show of authority bestowed upon him by the Defendant PLYMOUTH TOWNSHIP detained the Plaintiffs against their will, questioned the Plaintiffs and investigated this matter.

178.    On November 10, 2023, while at the scene the Defendant SCHEMANSKE was advised that there were two Plymouth Township regulations that pertained to hunting that contradicted one another.  Specifically, Defendant PLYMOUTH TOWNSHIP hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983 and the 2019 hunting Plymouth Township Ordinance §131.06.

179.    On November 10, 2023, while at the scene the Defendant SCHEMANSKE was advised that Defendant PLYMOUTH TOWNSHIP did not rescind Defendant PLYMOUTH TOWNSHIP hunting control rules of 1983 in accordance with MCL 324.41902(3).

180.    Defendant PLYMOUTH TOWNSHIP did not properly enact its 2019 hunting ordinance §131.06 as required pursuant to MCL 324.41901.

181.    In support of probable cause, the Defendant SCHEMANSKE only advised Judge

Gerou that the Plaintiffs violated Plymouth Township ordinance §131.06.

182.    The Defendant SCHEMANSKE failed to advise Judge Gerou that Plaintiffs duck hunting on said property was lawful pursuant to Plymouth Township hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983.

183.    The Defendant PLYMOUTH SCHEMANSKE failed to advise Judge Gerou State of Michigan DNR Officer Luther advised him that the Plaintiffs duck hunting was lawful as long as they complied with Plymouth Township hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983.

184.    The Defendant SCHEMANSKE failed to advise Judge Gerou State, that on November 10, 2023, and while Plaintiffs and Defendants were at the scene, Michigan DNR Officer Luther advised the Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP police officers that the Plaintiffs duck hunting was lawful as long as they complied with Plymouth Township hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983.

185.    The Defendant SCHEMANSKE's willful and intentional omission all of the pertinent facts and laws in this matter when he executed criminal complaint and  presented the criminal warrant to Judge Gerou is tantamount to falsifying evidence and manufacturing its basis for probable cause.

186.    Based upon the evidence in this matter the Defendant SCHEMANSKE intentionally falsified evidence and did not have probable cause to proceed with its criminal charges against the Plaintiffs.

187.    The Plaintiffs had to hire an attorney to fight and defend themselves from the baseless criminal charges filed against them by the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE.

188.    From November 16, 2023, to June 3, 2024, the Defendant SCHEMANSKE  and Defendant PLYMOUTH TOWNSHIP vigorously proceeded with the criminal charges against the Plaintiffs making them appear in court on numerous occasions, threatening them with fines, court costs and jail time.

189.    From November 16, 2023, to June 3, 2024, the Plaintiffs were required to appear in court for numerous hearings and spend money for criminal defense attorney to defend the baseless charges filed Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP.

190.    The Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP pressed with criminal charges against the Plaintiffs in an attempt to intimidate and bully Plaintiffs and continued to press for them to plead guilty to the offense, pay fines and costs to the Defendant PLYMOUTH TOWNSHIP.

191.    The Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP pressed with criminal charges against the Plaintiffs in an apparent attempt intimidate and/or bully John Carlo, the owner of the land where the Plaintiffs were hunting because the Defendant PLYMOUTH TOWNSHIP has an ongoing dispute with Mr. Carlo.

192.    On June 3, 2024, the Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP voluntarily dropped all criminal charges against the Plaintiffs based upon information provided by Officer Kevin Luther.   This is the same information that Officer Luther provided to the Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP on November 10, 2023, the date of the incident.

193.    The evidence that formed the basis for Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP dismissal of the criminal charges against the Plaintiffs on June 3, 2023, is the same evidence the Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP

had in its possession on November 10, 2023, prior to the charges being filed.

194.    According to the uncontested facts the Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP did not have probable cause and maliciously prosecuted baseless criminal claims against the Plaintiffs thereby violating the Plaintiffs Fourth Amendment rights secured by the U. S. Constitution and the laws of the United States, and upon 42 U.S.C. §1988.

195.    As a direct and proximate result of the Defendant SCHEMANSKE actions, the Plaintiffs have suffered damages including but not limited to economic and non-economic losses, including but not limited to One Hundred and Thirty-Four Thousand Nine Hundred Ninety-Six Dollars and Forty-Four cents ($134,996.44).

WHEREFORE the Plaintiffs individually, and collectively request this Honorable Court enter and Order granting him/them relief as requested in the prayer for relief below.

## COUNT V

## MALICIOUS PROSECUTION BY THE DEFENDANT PLYMOUTH TOWNSHIP AGAINST THE PLAINTIFFS PURSUANT TO M.C.L. 600.2907

196.    Plaintiffs hereby reallege and incorporate by reference facts and allegations stated in paragraphs 1-195 as though fully stated word for word paragraph for paragraph in support of their claim against the Defendants.

197.    Plaintiffs file this claim for malicious prosecution count pursuant to State of Michigan law MCL 600.2907

198.    MCL 600.2907 states as follows:

> Every person who shall, for vexation and trouble or maliciously, cause or procure any other to be arrested, attached, or in any way proceeded against, by any process or civil or criminal action, or in any other manner prescribed by law, to answer to the suit or prosecution of any person, without the consent of such person, or where there is no such person known, shall be liable to the person so arrested, attached or proceeded against, in treble the

amount of the damages and expenses which, by any verdict, shall be found to have been sustained and incurred by him; and shall be liable to the person in whose name such arrest or proceeding was had in the sum of $200.00 damages, and shall be deemed guilty of a misdemeanor, punishable on conviction by imprisonment in the county jail for a term not exceeding 6 months.

199.    The facts as set forth in this Complaint clearly establish that the Defendant PLYMOUTH TOWNSHIP filed and proceed with the criminal claims against the Plaintiffs for no other reason than to be malicious, and/or vexatious to the Plaintiffs.

200.    The Plaintiffs did not consent to the criminal charges filed against them by the Defendant PLYMOUTH TOWNSIP.

201.    The Defendant PLYMOUTH TOWNSHIP lacked probable cause to file and proceed with the criminal charges against the Plaintiffs.

202.    The Defendant PLYMOUTH TOWNSHIP knowingly enacted two regulations that contradicted one another that being Defendant PLYMOUTH TOWNSHIP hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983 and the 2019 hunting Plymouth Township Ordinance §131.06.

203.    The Defendant PLYMOUTH TOWNSHIP did not rescind Defendant PLYMOUTH TOWNSHIP hunting control rules of 1983 in accordance with MCL 324.41902(3).

204.    Defendant PLYMOUTH TOWNSHIP did not properly enact its 2019 hunting ordinance §131.06 as required pursuant to MCL 324.41901.

205.    In support of probable cause, the Defendant PLYMOUTH TOWNSHIP only advised Judge Gerou that the Plaintiffs violated Plymouth Township ordinance §131.06.

206.    The Defendant PLYMOUTH TOWNSHIP failed to advise Judge Gerou that Plaintiffs duck hunting on said property was lawful pursuant to Plymouth Township hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983.

207.    The Defendant PLYMOUTH TOWNSHIP failed to advise Judge Gerou State of Michigan DNR Officer Luther advised the Plaintiffs that duck hunting was lawful as long as they complied with Plymouth Township hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983.

208.    The Defendant PLYMOUTH TOWNSHIP failed to advise Judge Gerou State, that on November 10, 2023, and while Plaintiffs and Defendants were at the scene, Michigan DNR Officer Luther advised the Defendant PLYMOUTH TOWNSHIP police officers and Defendant SCHEMANSKE that the Plaintiffs duck hunting was lawful as long as they complied with Plymouth Township hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983.

209.    The Defendant PLYMOUTH TOWNSHIP's willful and intentional omission all of the pertinent facts and laws in this matter when it presented the criminal warrant to Judge Gerou is tantamount to falsifying evidence and manufacturing its basis for probable cause.

210.    Based upon the evidence in this matter the Defendant PLYMOUTH TOWNSHIP intentionally falsified evidence and did not have probable cause to proceed with its criminal charges against the Plaintiffs.

211.    The Plaintiffs had to hire an attorney to fight and defend themselves from the baseless criminal charges filed against them by the Defendant PLYMOUTH TOWNSHIP.

212.    From November 16, 2023, to June 3, 2024, the Defendant PLYMOUTH TOWNSHIP vigorously proceeded with the criminal charges against the Plaintiffs making them appear in court on numerous occasions, threatening them with fines, court costs and jail time.

213.    From November 16, 2023, to June 3, 2024, the Plaintiffs were required to appear in court for numerous hearings and spend money for criminal defense attorney to defend the baseless charges filed Defendant PLYMOUTH TOWNSHIP.

214.     The Defendant PLYMOUTH TOWNSHIP pressed with criminal charges against the Plaintiffs in an attempt to intimidate and bully Plaintiffs and continued to press for them to plead guilty to the offense, pay fines and costs to the Defendant PLYMOUTH TOWNSHIP.

215.     The Defendant PLYMOUTH TOWNSHIP pressed with criminal charges against the Plaintiffs in an apparent attempt intimidate and/or bully John Carlo, the owner of the land where the Plaintiffs were hunting because the Defendant PLYMOUTH TOWNSHIP has an ongoing dispute with Mr. Carlo.

216.     On June 3, 2024, the Defendant PLYMOUTH TOWNSHIP voluntarily dropped all criminal charges against the Plaintiffs based upon information provided by Officer Kevin Luther to Defendant PLYMOUTH TOWNSHIP attorney Kevin Bennett.

217.     The evidence that formed the basis for Defendant PLYMOUTH TOWNSHIP dismissal of the criminal charges against the Plaintiffs on June 3, 2023, is the same evidence the Defendant PLYMOUTH TOWNSHIP had in its possession on November 10, 2023, prior to the charges being filed.

218.     According to the uncontested facts the Defendant PLYMOUTH TOWNSHIP did not have probable cause and maliciously prosecuted baseless criminal claims against the Plaintiffs thereby violating the Plaintiffs Fourth Amendment rights secured by the U. S. Constitution and the laws of the United States, and upon 42 U.S.C. §1988.

219.     As a direct and proximate result of the Defendant PLYMOUTH TOWNSHIP'S actions, the Plaintiffs have suffered damages including but not limited to economic and non-economic losses, including but not limited to One Hundred and Thirty-Four Thousand Nine Hundred Ninety-Six Dollars and Forty-Four cents ($134,996.44).

WHEREFORE the Plaintiffs individually, and collectively request this Honorable Court enter and Order granting him/them relief as requested in the prayer for relief below.

**COUNT VI**

**MALICIOUS PROSECUTION BY THE DEFENDANT  SHEMANSKE AGAINST THE PLAINTIFFS PURSUANT TO M.C.L. 600.2907**

220.     Plaintiffs hereby reallege and incorporate by reference facts and allegations stated in paragraphs 1-219 as though fully stated word for word paragraph for paragraph in support of their claim against the Defendants.

221.     Plaintiffs file this claim for malicious prosecution count pursuant to State of Michigan law MCL 600.2907

222.     MCL 600.2907 states as follows:

> Every person who shall, for vexation and trouble or maliciously, cause or procure any other to be arrested, attached, or in any way proceeded against, by any process or civil or criminal action, or in any other manner prescribed by law, to answer to the suit or prosecution of any person, without the consent of such person, or where there is no such person known, shall be liable to the person so arrested, attached or proceeded against, in treble the amount of the damages and expenses which, by any verdict, shall be found to have been sustained and incurred by him; and shall be liable to the person in whose name such arrest or proceeding was had in the sum of $200.00 damages, and shall be deemed guilty of a misdemeanor, punishable on conviction by imprisonment in the county jail for a term not exceeding 6 months.

223.     The facts as set forth in this Complaint clearly establish that the Defendant SHEMANSKE filed and proceed with the criminal claims against the Plaintiffs for no other reason than to be malicious, and/or vexatious to the Plaintiffs.

224.     The Plaintiffs did not consent to the criminal charges filed against them by the Defendant SHEMANSKE.

225.     The Defendant SHEMANSKE was employed by the Defendant PLYMOUTH TOWNSHIP, as a police officer, and at all pertinent times was acting under color of state law, when

42

on November 10, 2023, he proceeded onto private property, investigated this matter, intentionally falsified and misrepresenting probable cause contained in the criminal complaint against the Plaintiffs.

226.    On November 10, 2023, the Defendant SHEMANSKE was employed by, on duty and dispatched and ordered by the Defendant PLYMOUTH TOWNSHIP and ordered to proceed onto approximately 120 acres of private, undeveloped property located within Plymouth Township.

227.    The landowner John Carlo did not call, request, permit or authorize the Defendant SCHEMANSKE, or any police officers from the Defendant PLYMOUTH TOWNSHIP to enter onto his property at issue on November 10, 2023.

228.    The Defendant SCHEMANSKE entered onto said property in Plymouth Township wearing his Plymouth Township police uniform and operating a marked Plymouth Township police vehicle.

229.    Once on the property the Defendant SCHEMANSKE identified himself as a police officer, brandished his Plymouth Township issued automatic weapon to the Plaintiffs, and by a show of authority bestowed upon him by the Defendant PLYMOUTH TOWNSHIP detained the Plaintiffs against their will, questioned the Plaintiffs and investigated this matter.

230.    On November 10, 2023, while at the scene the Defendant SCHEMANSKE was advised that there were two Plymouth Township regulations that pertained to hunting that contradicted one another.  Specifically, Defendant PLYMOUTH TOWNSHIP hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983 and the 2019 hunting Plymouth Township Ordinance §131.06.

231.    On November 10, 2023, while at the scene the Defendant SCHEMANSKE was

advised that Defendant PLYMOUTH TOWNSHIP did not rescind Defendant PLYMOUTH TOWNSHIP hunting control rules of 1983 in accordance with MCL 324.41902(3).

232. Defendant PLYMOUTH TOWNSHIP did not properly enact its 2019 hunting ordinance §131.06 as required pursuant to MCL 324.41901.

233. In support of probable cause, the Defendant SCHEMANSKE only advised Judge Gerou that the Plaintiffs violated Plymouth Township ordinance §131.06.

234. The Defendant SCHEMANSKE failed to advise Judge Gerou that Plaintiffs duck hunting on said property was lawful pursuant to Plymouth Township hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983.

235. The Defendant SCHEMANSKE failed to advise Judge Gerou State of Michigan DNR Officer Luther advised him that the Plaintiffs duck hunting was lawful as long as they complied with Plymouth Township hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983.

236. The Defendant SCHEMANSKE failed to advise Judge Gerou State, that on November 10, 2023, and while Plaintiffs and Defendants were at the scene, Michigan DNR Officer Luther advised the Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP police officers that the Plaintiffs duck hunting was lawful as long as they complied with Plymouth Township hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983.

237. The Defendant SCHEMANSKE's willful and intentional omission all of the pertinent facts and laws in this matter when he executed criminal complaint and presented the criminal warrant to Judge Gerou is tantamount to falsifying evidence and manufacturing its basis for probable cause.

238. Based upon the evidence in this matter the Defendant SCHEMANSKE

intentionally falsified evidence and did not have probable cause to proceed with its criminal charges against the Plaintiffs.

239. The Plaintiffs had to hire an attorney to fight and defend themselves from the baseless criminal charges filed against them by the Defendant SCHEMANSKE.

240. From November 16, 2023, to June 3, 2024, the Defendant SCHEMANSKE vigorously proceeded with the criminal charges against the Plaintiffs making them appear in court on numerous occasions, threatening them with fines, court costs and jail time.

241. From November 16, 2023, to June 3, 2024, the Plaintiffs were required to appear in court for numerous hearings and spend money for criminal defense attorney to defend the baseless charges filed Defendant SCHEMANSKE.

242. The Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP pressed with criminal charges against the Plaintiffs in an attempt to intimidate and bully Plaintiffs and continued to press for them to plead guilty to the offense, pay fines and costs to the Defendant PLYMOUTH TOWNSHIP.

243. The Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP pressed with criminal charges against the Plaintiffs in an apparent attempt intimidate and/or bully John Carlo, the owner of the land where the Plaintiffs were hunting because the Defendant PLYMOUTH TOWNSHIP has an ongoing dispute with Mr. Carlo.

244. On June 3, 2024, the Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP voluntarily dropped all criminal charges against the Plaintiffs based upon information provided by Officer Kevin Luther.   This is the same information that Officer Luther provided to the Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP on November 10, 2023, the date of the incident.

245.    The evidence that formed the basis for Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP dismissal of the criminal charges against the Plaintiffs on June 3, 2023, is the same evidence the Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP had in its possession on November 10, 2023, prior to the charges being filed.

246.    According to the uncontested facts the Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP did not have probable cause and maliciously prosecuted baseless criminal claims against the Plaintiffs thereby violating the Plaintiffs Fourth Amendment rights secured by the U. S. Constitution and the laws of the United States, and upon 42 U.S.C. §1988.

247.    As a direct and proximate result of the Defendant SCHEMANSKE actions, the Plaintiffs have suffered damages including but not limited to economic and non-economic losses, including but not limited to One Hundred and Thirty-Four Thousand Nine Hundred Ninety-Six Dollars and Forty-Four cents ($134,996.44).

WHEREFORE the Plaintiffs individually, and collectively request this Honorable Court enter and Order granting him/them relief as requested in the prayer for relief below.

## COUNT VII

## FEDERAL COMMON LAW CLAIMS OF MALICIOUS PROSECUTION BY THE DEFENDANT PLYMOUTH TOWNSHIP AND/OR DEFENDANT SCHEMANSKE AGAINST THE PLAINTIFFS

248.    Plaintiffs hereby reallege and incorporate by reference facts and allegations stated in paragraphs 1-247 as though fully stated word for word paragraph for paragraph in support of their claim against the Defendants.

249.    Plaintiffs file this claim against the Defendant PLYMOUTH TOWSHIP and Defendant SCHEMANSKE for malicious prosecution count in violation of Federal common law.

250.    Malicious prosecutions claims is an appropriate action when a police officer

knowingly supplies false facts to support the alleged probable cause.

251.     The facts as set forth in this Complaint clearly establish that the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE filed and proceed with the criminal claims against the Plaintiffs for no other reason than to be malicious, and/or vexatious to the Plaintiffs.

252.     The Plaintiffs did not consent to the criminal charges filed against them by the Defendant PLYMOUTH TOWNSIP and Defendant SCHEMANSKE.

253.     The Defendant PLYMOUTH TOWNSIP and Defendant SCHEMANSKE lacked probable cause to file and proceed with the criminal charges against the Plaintiffs.

254.     The Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE knowingly enacted two regulations that contradicted one another that being Defendant PLYMOUTH TOWNSHIP hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983 and the 2019 hunting Plymouth Township Ordinance §131.06.

255.     The Defendant PLYMOUTH TOWNSHIP did not rescind Defendant PLYMOUTH TOWNSHIP hunting control rules of 1983 in accordance with MCL 324.41902(3).

256.     Defendant PLYMOUTH TOWNSHIP did not properly enact its 2019 hunting ordinance §131.06 as required pursuant to MCL 324.41901.

257.     In support of probable cause, the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE only advised Judge Gerou that the Plaintiffs violated Plymouth Township ordinance §131.06.

258.     The Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE failed to advise Judge Gerou that Plaintiffs duck hunting on said property was lawful pursuant to Plymouth Township hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983.

259.     The Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE failed to advise Judge Gerou State of Michigan DNR Officer Luther advised the Plaintiffs that duck hunting was lawful as long as they complied with Plymouth Township hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983.

260.     The Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE failed to advise Judge Gerou State, that on November 10, 2023, and while Plaintiffs and Defendants were at the scene, Michigan DNR Officer Luther advised the Defendant PLYMOUTH TOWNSHIP police officers and Defendant SCHEMANSKE that the Plaintiffs duck hunting was lawful as long as they complied with Plymouth Township hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983.

261.     The Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE willfully and intentionally omitted pertinent facts and laws in this matter when it presented the criminal warrant to Judge Gerou is tantamount to falsifying evidence and manufacturing its basis for probable cause.

262.     Based upon the evidence in this matter the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE intentionally falsified evidence and did not have probable cause to proceed with its criminal charges against the Plaintiffs.

263.     The Plaintiffs had to hire an attorney to fight and defend themselves from the baseless criminal charges filed against them by the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE.

264.     From November 16, 2023, to June 3, 2024, the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE vigorously proceeded with the criminal charges against the Plaintiffs making them appear in court on numerous occasions, threatening them with

48

fines, court costs and jail time.

265.    From November 16, 2023, to June 3, 2024, the Plaintiffs were required to appear in court for numerous hearings and spend money for criminal defense attorney to defend the baseless charges filed Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE.

266.    The Defendant PLYMOUTH TOWNSHIP Defendant SCHEMANSKE pressed with criminal charges against the Plaintiffs in an attempt and to intimidate and bully Plaintiffs and continued to press for them to plead guilty to the offense, pay fines and costs to the Defendant PLYMOUTH TOWNSHIP.

267.    The Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE pressed with criminal charges against the Plaintiffs in an apparent attempt intimidate and/or bully John Carlo, the owner of the land where the Plaintiffs were hunting because the Defendant PLYMOUTH TOWNSHIP has an ongoing dispute with Mr. Carlo.

268.    On June 3, 2024, the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE voluntarily dropped all criminal charges against the Plaintiffs based upon information provided by Officer Kevin Luther to Defendant PLYMOUTH TOWNSHIP attorney Kevin Bennett.

269.    The evidence that formed the basis for Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE dismissal of the criminal charges against the Plaintiffs on June 3, 2023, is the same evidence the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE had in its possession on November 10, 2023, prior to the charges being filed.

270.    According to the uncontested facts the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE did not have probable cause and maliciously prosecuted baseless criminal claims against the Plaintiffs thereby violating the Plaintiffs Fourth Amendment rights

secured by the U. S. Constitution and the laws of the United States, and upon 42 U.S.C. §1988.

271.   As a direct and proximate result of the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE actions, the Plaintiffs have suffered damages including but not limited to economic and non-economic losses, including but not limited to One Hundred and Thirty-Four Thousand Nine Hundred Ninety-Six Dollars and Forty-Four cents ($134,996.44).

WHEREFORE the Plaintiffs individually, and collectively request this Honorable Court enter and Order granting him/them relief as requested in the prayer for relief below.

## COUNT VIII

## STATE OF MICHGAN COMMON LAW MALICIOUS PROSECUTION BY THE DEFENDANT PLYMOUTH TOWNSHIP AND DEFENDANT  SHEMANSKE AGAINST THE PLAINTIFFS

272.   Plaintiffs hereby reallege and incorporate by reference facts and allegations stated in paragraphs 1-271 as though fully stated word for word paragraph for paragraph in support of their claim against the Defendants.

273.   Plaintiffs file this claim for malicious prosecution pursuant to State of Michigan common law which states as follows:

   a.   The defendant has initiated a criminal prosecution against him;

   b.   The criminal proceedings terminated in his favor;

   c.   The person who instituted or maintained the prosecution lacked probable cause for his actions; and

   d.   The action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice.

274.   The facts as set forth in this Complaint clearly establish that the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE filed and proceed with the criminal claims against the Plaintiffs for no other reason than to be malicious, and/or vexatious to the

Plaintiffs.

275.    The Plaintiffs did not consent to the criminal charges filed against them by the Defendant PLYMOUTH TOWNSIP and Defendant SCHEMANSKE.

276.    The Defendant PLYMOUTH TOWNSIP and Defendant SCHEMANSKE was employed by the Defendant PLYMOUTH TOWNSHIP, as a police officer, and at all pertinent times was acting under color of state law, when on November 10, 2023, he proceeded onto private property, investigated this matter, intentionally falsified  and misrepresenting probable cause contained in the criminal complaint against the Plaintiffs.

277.    On November 10, 2023, the Defendant SHEMANSKE was employed by, on duty and dispatched and ordered by the Defendant PLYMOUTH TOWNSHIP and ordered to proceed onto approximately 120 acres of private, undeveloped property located within Plymouth Township.

278.    The landowner John Carlo did not call, request, permit or authorize the Defendant SCHEMANSKE, or any police officers from the Defendant PLYMOUTH TOWNSHIP to enter onto his property at issue on November 10, 2023.

279.    The Defendant SCHEMANSKE entered onto said property in Plymouth Township wearing his Plymouth Township police uniform and operating a marked Plymouth Township police vehicle.

280.    Once on the property the Defendant SCHEMANSKE identified himself as a police officer, brandished his Plymouth Township issued automatic weapon to the Plaintiffs, and by a show of authority bestowed upon him by the Defendant PLYMOUTH TOWNSHIP detained the Plaintiffs against their will, questioned the Plaintiffs and investigated this matter.

281.    On November 10, 2023, while at the scene the Defendant SCHEMANSKE was advised that there were two Plymouth Township regulations that pertained to hunting that contradicted one another.  Specifically, Defendant PLYMOUTH TOWNSHIP hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983 and the 2019 hunting Plymouth Township Ordinance §131.06.

282.    On November 10, 2023, while at the scene the Defendant SCHEMANSKE was advised that Defendant PLYMOUTH TOWNSHIP did not rescind Defendant PLYMOUTH TOWNSHIP hunting control rules of 1983 in accordance with MCL 324.41902(3).

283.    Defendant PLYMOUTH TOWNSHIP did not properly enact its 2019 hunting ordinance §131.06 as required pursuant to MCL 324.41901.

284.    In support of probable cause, the Defendant SCHEMANSKE only advised Judge Gerou that the Plaintiffs violated Plymouth Township ordinance §131.06.

285.    The Defendant SCHEMANSKE failed to advise Judge Gerou that Plaintiffs duck hunting on said property was lawful pursuant to Plymouth Township hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983.

286.    The Defendant PLYMOUTH SCHEMANSKE failed to advise Judge Gerou State of Michigan DNR Officer Luther advised him that the Plaintiffs duck hunting was lawful as long as they complied with Plymouth Township hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983.

287.    The Defendant SCHEMANSKE failed to advise Judge Gerou State, that on November 10, 2023, and while Plaintiffs and Defendants were at the scene, Michigan DNR Officer Luther advised the Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP police

officers that the Plaintiffs duck hunting was lawful as long as they complied with Plymouth Township hunting control rules 317.182.1, 317.182.9 and 317.182.10 of 1983.

288. The Defendant SCHEMANSKE's willful and intentional omission all of the pertinent facts and laws in this matter when he executed criminal complaint and presented the criminal warrant to Judge Gerou is tantamount to falsifying evidence and manufacturing its basis for probable cause.

289. Based upon the evidence in this matter the Defendant SCHEMANSKE intentionally falsified evidence and did not have probable cause to proceed with its criminal charges against the Plaintiffs.

290. The Plaintiffs had to hire an attorney to fight and defend themselves from the baseless criminal charges filed against them by the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE.

291. From November 16, 2023, to June 3, 2024, the Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP vigorously proceeded with the criminal charges against the Plaintiffs making them appear in court on numerous occasions, threatening them with fines, court costs and jail time.

292. From November 16, 2023, to June 3, 2024, the Plaintiffs were required to appear in court for numerous hearings and spend money for criminal defense attorney to defend the baseless charges filed Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP.

293. The Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP pressed with criminal charges against the Plaintiffs in an attempt to intimidate and bully Plaintiffs and continued to press for them to plead guilty to the offense, pay fines and costs to the Defendant PLYMOUTH TOWNSHIP.

294.     The Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP pressed with criminal charges against the Plaintiffs in an apparent attempt intimidate and/or bully John Carlo, the owner of the land where the Plaintiffs were hunting because the Defendant PLYMOUTH TOWNSHIP has an ongoing dispute with Mr. Carlo.

295.     On June 3, 2024, the Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP voluntarily dropped all criminal charges against the Plaintiffs based upon information provided by Officer Kevin Luther.   This is the same information that Officer Luther provided to the Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP on November 10, 2023, the date of the incident.

296.     The evidence that formed the basis for Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP dismissal of the criminal charges against the Plaintiffs on June 3, 2023, is the same evidence the Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP had in its possession on November 10, 2023, prior to the charges being filed.

297.     According to the uncontested facts the Defendant SCHEMANSKE and Defendant PLYMOUTH TOWNSHIP did not have probable cause and maliciously prosecuted baseless criminal claims against the Plaintiffs thereby violating the Plaintiffs Fourth Amendment rights secured by the U. S. Constitution and the laws of the United States, and upon 42 U.S.C. §1988.

298.     As a direct and proximate result of the Defendant SCHEMANSKE actions, the Plaintiffs have suffered damages including but not limited to economic and non-economic losses, including but not limited to One Hundred and Thirty-Four Thousand Nine Hundred Ninety-Six Dollars and Forty-Four cents ($134,996.44).

WHEREFORE the Plaintiffs individually, and collectively request this Honorable Court enter and Order granting him/them relief as requested in the prayer for relief below.

**COUNT IX**
**DEFENDANT PLYMOUTH TOWNSHIP AND/OR DEFENDNAT SCHEMANSKE**
**VIOLATION OF THE PLAINTIFFS FOURTEENTH AMENDMENT RIGHTS TO**
**THE UNITED STATES CONSTITUTION PUTSUANT TO 42 U. S. C. §1983**

299.     Plaintiffs hereby reallege and incorporate by reference facts and allegations stated

in paragraphs 1-298 as though fully stated word for word paragraph for paragraph in support of

their claim against the Defendants.

300.     The Fourteenth Amendment of the United States Constitution states as follows:

> All persons born or naturalized in the United States, and subject to the
> jurisdiction thereof, are citizens of the United States and of the State wherein
> they reside. No State shall make or enforce any law which shall abridge the
> privileges or immunities of citizens of the United States; nor shall any State
> deprive any person of life, liberty, or property, without due process of law; nor
> deny to any person within its jurisdiction the equal protection of the laws.

301.     42 U.S.C. §1983: Civil action for deprivation of rights states in pertinent

part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom,
> or usage, of any State or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper proceeding for redress,
> except that in any action brought against a judicial officer for an act or omission
> taken in such officer's judicial capacity, injunctive relief shall not be granted
> unless a declaratory decree was violated or declaratory relief was unavailable.
> For the purposes of this section, any Act of Congress applicable exclusively to
> the District of Columbia shall be considered to be a statute of the District of
> Columbia.

302.     According to the uncontested facts in this matter the Defendant PLYMOUTH

TOWNSHIP and Defendant SCHEMANSKE proceeded with criminally prosecuting the Plaintiffs

pursuant to its invalid and unconstitutional ordinance that abridged the privileges of the Plaintiffs to lawfully use land to hunt duck.

303.    According to the uncontested facts in this matter the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE proceeded with criminally prosecuting the Plaintiffs thereby depriving the Plaintiffs of life, liberty, or property, without due process of law.

304.    According to the uncontested facts in this matter the Defendant PLYMOUTH TOWNSHIP and Defendant SCHEMANSKE proceeded with criminally prosecuting the Plaintiffs thereby depriving the equal protection of the laws.

305.    As a direct and proximate result of the Defendant SCHEMANSKE actions, the Plaintiffs have suffered damages including but not limited to economic and non-economic losses, including but not limited to One Hundred and Thirty-Four Thousand Nine Hundred Ninety-Six Dollars and Forty-Four cents ($134,996.44).

WHEREFORE the Plaintiffs individually, and collectively request this Honorable Court enter and Order granting him/them relief as requested in the prayer for relief below.

## **PLAINTIFFS PRAYER FOR RELIEF**

A.    The Plaintiffs request this Honorable Court grant them a judgment against the Defendant PLYMOUTH TOWNSHIP and Defendant SHEMANSKE jointly and severally and issue and Order for the Plaintiffs in the total amount of $404,989.32 ($101,247.33 to each Plaintiff) which represents actual special damages  as allowed pursuant to MCL 600.2907  plus costs, attorney fees and interest incurred by the Plaintiffs for having to defend themselves for criminal charges that were filed and then dismissed against them by the Defendants.

B.      In addition to relief requested above, the Plaintiffs request this Honorable Court grant them a judgment against the Defendant PLYMOUTH TOWNSHIP and Defendant SHEMANSKE jointly and severally in the amount of $132,224 ($33,056 to each Plaintiff) compensatory damages or an amount this Honorable Court deems reasonable, for the more than 206 days the Defendants committed constitutional, statutory and common law violations against them.

C.      In addition to relief requested above, the Plaintiffs request this Honorable Court grant them reasonable attorney costs and fees as allowed pursuant to 42 U. S. C. §1983 from the Defendants.

D.      In addition to relief requested above, the Plaintiffs request this Honorable Court Order that Plaintiffs may duck hunt on the property at issue until the Defendant PLYMOUTH TOWNSHIP repeals its hunting control rules and validly enacts an ordinance that prohibits hunting.

E.      In addition to relief requested above, the Plaintiffs request this Honorable Court Order the Defendants pay all monetary amount to the Plaintiffs within 30 days from the date of this Honorable Court's Order.

F.      In addition to relief requested above, the Plaintiffs request this Honorable Court order any and all other relief that this Honorable Court deems reasonable, fair and just, including exemplary and/or punitive damages together with interest, costs and attorney's fees, and all other damages allowable by law to compensate the Plaintiffs for their injuries/damages.

## **CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my

knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. In fact prior to filing this suit counsel for Plaintiffs addressed the issues in this complaint with Defendant PLYMOUTH TOWNSHIP attorney Bennett who stated "good luck"; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have been specifically identified and/or will have evidentiary support after a reasonable opportunity for further investigation and discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully Submitted,

*/s/ Kevin J. Plagens*

By: _____

KEVIN J. PLAGENS (P55992)
Attorneys for Plaintiffs
32605 W. Twelve Mile Road, Suite 300
Farmington Hills, MI  48334
(248) 324-2620

Dated:  October 15, 2024

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY CRAMPTON, DONALD                CASE NO.:  2:24-CV-12715
STILSON, NATHAN STILSON, AND
BRANDON STILSON,                        HON.

      Plaintiffs,

v.

PLYMOUTH CHARTER TOWNSHIP,
MICHIGAN, a municipal entity, and
JEREMY SCHEMANSKE, in their individual
and official capacities, Jointly and Severally,

      Defendants.

---

## JURY DEMAND

NOW COMES the Plaintiffs, Jeffrey Crampton, Donald Stilson, Nathan Stilson and Brandon Stilson, by and through their attorney Kevin J. Plagens and hereby demand a Trial by Jury in the above cause of action.

      Respectfully Submitted,

      */s/ Kevin J. Plagens*

By: _____
      KEVIN J. PLAGENS (P55992)
      Attorneys for Plaintiffs
      32605 W. Twelve Mile Road, Suite 300
      Farmington Hills, MI  48334
      (248) 324-2620

Dated:  October 15, 2024

## <u>CERTIFICATE OF SERVICE</u>

STATE OF MICHIGAN    )
                             ) SS.
COUNTY OF OAKLAND   )

I, Kimberly Ramsay,  hereby certify that I e-filed the foregoing document on October 15, 2024,

using the ***ECF e-filing system*** which will send a copy of this document together with notification

to all counsel of record; and that I mailed a copy of this document to any non-e-filing participants.


*/s/ Kimberly Ramsay*

_____
Kimberly Ramsay